## Weidner v. Weidner

*John B. Leete*, for plaintiff.
*D. Bruce Cahilly*, for defendant.
*William Campbell*, for intervenor.

FINK, *P.J.*, March 17, 1982 — On July 24, 1981, Daniel T. Weidner filed a complaint in divorce against his spouse, Linda S. Weidner, which contained three counts in addition to the usual count to sever the bonds of matrimony. The additional counts covered alimony, equitable property distribution, and "counsel fees, expenses, costs of suit, and additional relief." The assets listed by plaintiff in divorce in his financial disclosure affidavit were a house and out-buildings situate on 19 acres of land valued at $75,000 and a vehicle worth $4,000.

Defendant Linda S. Weidner filed an answer to plaintiff's complaint in divorce containing "Counterclaim, Joining Additional Matters." In addition to the counterclaim for divorce, defendant in her answer had a count claiming alimony, counsel fees and costs, a count set forth as a "claim for alimony pursuant to Section 501 of the Divorce Code," and a count requesting a determination and disposition of marital property. Defendant in her last count alleged the value of the real estate above men-

tioned as being $155,000 and personal property being claimed as marital property in the amount of $7,380.

On November 13, 1981, one Clara Smale Smith filed a complaint in assumpsit at no. 732 of 1981 in the Court of Common Pleas of Potter County naming Daniel Weidner as "First Defendant" and Linda Weidner as "Second Defendant." The complaint set forth two counts, the first being based upon an alleged loan to both defendants and promise to repay and the second cause of action was based upon an allegation that there was no contract but unjust enrichment. The claim of plaintiff in assumpsit is in the amount of $29,983.50 plus interest.

On March 2, 1982, plaintiff in assumpsit, Clara Smale Smith, filed a petition for intervention in the divorce action aforementioned. On March 2, 1982, this court signed a rule directed against the divorce litigants, Daniel T. Weidner and Linda S. Weidner, to show cause why plaintiff in assumpsit should not be allowed to intervene in the divorce action. The rule was made returnable March 11, 1982, where argument was presented as to whether or not plaintiff in assumpsit should be allowed to intervene in the divorce action.

Both counsel have indicated, and this court also has reason to believe, that the issue here presented is one of first impression here in the Commonwealth of Pennsylvania. Counsel for the proposed intervenor, Clara Smale Smith, relies solely upon Pa.R.C.P. 1920.34 and particularly the note at the end thereof. The appropriate rule reads as follows:

"At any stage of an action, the court may order the joinder of any additional person who could have

joined or been joined in the action and may stay the proceedings in whole or in part until such person has been joined. The action may proceed although such person has not been made a party if jurisdiction over him cannot be obtained and he is not an indispensable party of the action."

The notation at the end thereof reads as follows:

"Note: The joinder of persons other than husband and wife may be essential in claims for child custody where neither has custody or custody is claimed by others, or *where persons other than the parties have an interest in property which is the subject matter of a distribution.*

The intervention in an action by a person not a party is governed by Rule 2326 et seq." (Emphasis supplied.)

The proposed intervenor specifically seeks to rely on the portion of the notation which is underlined above. This court is of the opinion that the proposed intervenor does not come within the framework of the notation as she is not a person having an interest in property which is the subject matter of distribution. What the proposed intervenor has is a cause of action in assumpsit which, if reduced to judgment, and a subsequent levy is made could be a lien on jointly owned property of the divorce litigants. It is, likewise, possible that all that the proposed intervenor has is a cause of action which, when litigated, would be nothing.

Counsel for proposed intervenor concedes that Clara Smale Smith could not seek to protect herself by filing in the lis pendens docket for her cause of action is not based upon a "real interest." Counsel for proposed intervenor further acknowledges that the sole purpose of seeking to intervene is to obtain a stay in the distribution of assets of the parties

under an order of distribution of marital property by the court in the divorce proceedings.

It would appear to this court that the proposed intervenor is seeking to take advantage of the parties' unfortunate circumstance of being involved in a divorce proceeding and to gain something thereby that she would not otherwise have available to her. The proposed intervenor could not obtain an injunction to enjoin the parties' litigant in divorce from alienating or otherwise disposing of their property if there was no divorce. If the petition to intervene is denied, Clara Smale Smith may proceed with her cause of action and, if successful, obtain a judgment against both defendants and at that time seek to levy on any assets they may at that time have. She should not be put in a better position merely because the Weidners are engaged in a divorce proceeding.

At the legal argument on the petition to intervene, counsel for plaintiff Daniel Weidner argued in favor of intervention, the proposed intervenor being the sister of plaintiff in divorce. Counsel for defendant in divorce, Linda S. Weidner, opposed the petition to intervene on the grounds, inter alia, that if the intervention were allowed, it would serve to substantially delay the divorce proceedings.

This court agrees that the intervention should not be allowed, but not for the reason assigned by defendant in divorce but for the reasons as above set forth. The proposed intervenor seeks to strengthen her position by referring to Pa.R.C.P. 2327(4) which indicates that a person not a party shall be permitted to intervene if "the determination of such action may affect any legally enforceable interest of such person whether or not he may be bound by a judgment in the action." This court finds this section inapplicable to the proposed in-

tervenor in that the determination of the divorce action and decree of distribution of marital property will affect no legally enforceable interest of the proposed intervenor for she, at this juncture, has no legally enforceable interest.

Thus, the following

### ORDER

And now, March 17, 1982, in keeping with the opinion above set forth, the request for allowance to intervene of Clara Smale Smith is hereby denied.